# ·RANDALL'S CASE.

When a debtor is surrendered by his bail after judgment, he is to be discharged at the end of thirty days, if no detainer upon the execution is lodged against him.

THE sheriff of the county of Hillsborough, in obedience to a writ of *habeas corpus,* issued by one of the justices of this court, brought into court the body of Alfred Randall, a prisoner confined in his custody in the common jail at Amherst; and he returns upon said writ, that he holds the said Randall in his custody, by virtue of an order of the court of common pleas for said county, of which the following is a copy:

" Hillsborough ss.—Court of Common Pleas,  }
October Term, 1851.   }

*Jabez Bills* v. *Alfred Randall.*

Judgment rendered, at the last April term, of this court, for the plaintiff, for damages, $50, and costs, $64,79, and execution issued therefor, dated May 3, 1851.

Now at this term, George Kinson, who was bail for said Alfred Randall, on the original writ, brings the said Alfred Randall here into court, and delivers him up to the court, and moves to be discharged from further liability as bail.   And the court do order the said Alfred Randall into the custody of the sheriff; and the keeper of the jail, in said county, is ordered to receive the said Alfred Randall into his custody, and retain him in the

jail, in said county, until he shall be discharged by the creditor, or otherwise, according to law; and that said George Kinson be discharged from further liability as bail.

Attest :        P. Dodge, <em>Clerk.</em>"

Upon which is the following return:

" Hillsborough ss. — October 30, 1851.

I have conveyed the body of the within named Alfred Randall to the jail, in Amherst, in said county, and delivered him to the jailor, upon the within written order of the court.

Benj. Tuttle, Jr., <em>D. Sheriff.</em>"

And thereupon *Daniel Clark*, esquire, of counsel for said Alfred Randall, moves, that he may be discharged from custody, upon the ground, that he had been detained in prison upon this surrender by his bail, for thirty-six days, while by the statute he could rightfully be detained only thirty days.

*Stevens*, for Bills, the creditor.

Bell, J. By the return of the writ, it appears, that the prisoner has been detained in jail for more than thirty days, upon a surrender by his bail, in court, and an order of commitment. This surrender was made at the next term after the judgment was rendered, after notice had been given to the bail upon the execution, and before a writ of *scire facias* was issued. The creditor has neglected to levy his execution upon the body of the prisoner, and the question now is, whether the prisoner ought, by law, to be longer detained in custody.

The common law, relative to bail, is very much modified by our statutes. By the Revised Statutes, chap. 185, § 13, when any person shall be arrested on mesne process, he shall be committed to jail, unless he shall procure bail.

By § 16, if any person shall be committed to prison by the officer, or his bail, or upon surrender by his bail, he shall, unless he shall be bailed before the judgment, be held in prison, *until the expiration of thirty days, after the rendition of such judgment* for the plaintiff, as execution may issue upon, unless sooner legally discharged.

Randall's Case.

By chapter 201, § 6, if the bail shall, at any time before judgment against them, bring into court the body of the principal, and move to be discharged, they shall be discharged; and the court shall order the keeper of the prison to receive him into custody, and he shall be holden in the same manner as if he had been committed on the writ for want of bail.

Upon a cursory reading of these provisions, it would seem, that the sixteenth section is naturally appliable to the case of a commitment before judgment against the principal, because the prisoner is to be detained until the expiration of thirty days after the rendition of judgment.

But in this case, and in all cases of surrender after judgment, there cannot, in the nature of things, be a detention until the expiration of thirty days after a judgment shall be rendered. It cannot be supposed, that the legislature intended, either that the prisoner, so surrendered, should be at once discharged,—because the imprisonment is required by the statute, and by this supposition the order of commitment would be an idle ceremony; or that the prisoner is to be detained indefinitely, without any legal method of relief, — because that is against · the manifest policy of all our laws relating to imprisonment on civil process. By the statutes in force before the passing of the Revised Statutes, a prisoner, committed after judgment, was to be detained for thirty days after his commitment; and no reason occurs to us, why any change should have been made in this case, while the period of detention upon a commitment upon the writ remained unchanged. And we think, there is a great intrinsic improbability that any such change could have been intended. Now if we look at what is the substance of the provision in the sixteenth section of chapter 185, we shall see, that the plaintiff shall have thirty days to levy his execution upon the body of his debtor, after such a judgment has been rendered as that he can have an execution. When, therefore, the sixth section of chapter 201, provides, that a prisoner, surrendered by his bail after judgment, shall be detained *in the same manner*, as if committed on the writ, it must be understood, that he shall be detained substantially in the same manner, and the substance of

that provision is, that he shall be detained thirty days after the creditor has it in his power to arrest him on his execution.

Section sixteenth of chapter 185, and section sixth of chapter 201, both apply to the case in question, and they are to be construed together. The former, prescribes the same rule in case of a commitment by bail, in case of commitment upon a surrender by bail, and in case of a commitment by the sheriff upon the writ, for want of bail. The latter, prescribes the same rule in the case of commitment upon a surrender by bail, and in the case of a commitment by the sheriff upon the writ, for want of bail. The rule thus prescribed by both, is to be found in section sixteen. He shall be held in prison, until the expiration of thirty days after the rendition of such a judgment, for the plaintiff, as execution may issue upon. If the commitment is before judgment, the detention must be till the expiration of thirty days after the fact, and next after the time of the rendition of judgment. If the commitment is after judgment, the detention must be, until the expiration of thirty days, which will of course be after, but not next after the rendition of judgment. On examination, the meaning seems to us to be plain, and the language capable of no other construction, without defeating the evident intention to prescribe the same rule in the three cases enumerated in the sixteenth section, namely, that whether the debtor is committed by the officer, by the bail, or by order of court upon a surrender, he shall be detained until thirty days have elapsed, after the plaintiff has obtained judgment, and an award of execution. The expression *"after the rendition of such judgment, &c.,"* is equivocal, since it may be understood to refer to the *time* of rendering the judgment, as well as to the *fact* of judgment being rendered. In the case of a commitment before judgment, the effect would be the same, in whichever of these ways it is understood ; but in the case of commitment after judgment, it can only be understood to apply to the *fact* of the rendition of the judgment. It is, of course, to be understood, as applying in both cases, not to the time, but to the fact of judgment being rendered. Upon this construction, when a prisoner, upon a surrender by his bail, has been imprisoned after

judgment for thirty days, and no detainer is lodged against him upon the execution, he is to be discharged.

It is therefore ordered, that the said Randall be discharged.